**ZHI HUI JIANG, Petitioner,**

**v.**

Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.

No. 06–5643–ag.

United States Court of Appeals,
Second Circuit.

Oct. 3, 2007.

Koston Feng, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Linda S. Wendtland, Assistant Director; John S. Hogan, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.; Yamilet Hurtado, Law Clerk, George Washington University, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhi Hui Jiang, a citizen of the People's Republic of China, seeks review of an order of the BIA entered on November 15, affirming an April 14, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Hui Jiang,* No. A 97 738 932 (B.I.A. Nov. 15, 2006), *aff'g* No. A 97 738 932 (Immig. Ct. N.Y. City, Apr. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

When, as here, the BIA summarily affirms the IJ's decision without issuing an opinion, we review the IJ's decision as the final agency determination. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) (per curiam).

As a preliminary matter, when deciding a claim for asylum and related relief, the agency must determine whether an applicant's testimony is credible, followed by whether the applicant has met his or her burden of proof. *See Diallo v. INS*, 232 F.3d 279, 290 (2d Cir.2000). The testimony of an applicant may be, but is not always, sufficient to sustain her burden where it is credible and detailed. 8 C.F.R. §§ 208.13(a), 208.16(b). *See also Diallo*, 232 F.3d at 286.

■ In this case, the IJ declined to make an adverse credibility finding, stating that there was no "smoking gun" in Jiang's case to "definitively indicate" that she was not being truthful. The IJ instead decided that Jiang's testimony alone could not satisfy her burden of proof. As the IJ correctly observed, Jiang's testimony was "very vague and unspecific," especially with respect to the date Jiang saw a private physician to determine whether she was pregnant, and the date she received a notice to report for an abortion. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir.2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007). Additionally, the IJ reasonably relied on an inconsistency between Jiang's testimo-

ny that the government notice ordered her to report for an intrauterine device ("IUD") insertion, and the notice itself, which did not reference any IUD insertion. Because these inconsistencies were material to Jiang's claim, they cast doubt on the reliability of her testimony. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003).

■ The record also supports the IJ's conclusion that Jiang failed otherwise to sustain her burden of proof. For instance, the IJ reasonably relied upon the difference between Jiang's assertion that Chinese officials gave her a certificate after her forced abortion, and the 2004 State Department report indicating that this type of document was issued by hospitals in China upon a patient's request following a voluntary abortion. *See Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir.2006). Furthermore, the IJ reasonably gave the letter from Jiang's mother "very little weight" when he found that it failed to corroborate Jiang's claim by not referencing the visits to her home by government officials. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341–42 (2d Cir.2006).

Although the IJ's expectation of additional evidence—such as a statement from Jiang's boyfriend and photographs from the banquet celebrating their engagement—may not have been reasonable because such evidence may not have been material, this case need not be remanded on that basis. It can be "confidently predict[ed]" that the same conclusion would have been reached, absent any error, based on the IJ's non-erroneous credibility and burden of proof findings. *See id.* at 338–40 (internal quotation marks and citation omitted).[2]

---

2. An IJ's findings regarding a lack of corroboration are analyzed differently depending on whether the applicant has been deemed credible. *See Diallo*, 232 F.3d at 290. Where an IJ does not make an adverse credibility finding but calls into question an applicant's testi-

mony, it is unclear whether the IJ is required specifically to identify the missing pieces of evidence or show that they were reasonably available before finding that their absence prevented the applicant from meeting her

Thus, to the extent that Jiang's claims rested on the same factual predicate, because Jiang was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on her claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Moreover, Jiang failed to challenge the agency's denial of her request for relief under the CAT and therefore any argument based on her illegal departure from China is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

burden of proof. *See Xiao Ji Chen,* 471 F.3d at 341 (holding that these steps are not required when the applicant is not otherwise credible). Nevertheless, because the denial of relief in this case was supported by substantial evidence without regard to the IJ's finding on a lack of corroboration, we need not decide this question.